<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANTHONY J. TESTA,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF JUSTICE,** *et al.*,<br><br>Defendants. | Civil Action No. 21-18569 (ZNQ) (JBD)<br><br>**MEMORANDUM ORDER** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court on *pro se* Plaintiff Anthony J. Testa's ("Plaintiff") Motion for Preliminary Relief. (ECF No. 27.) The Court having previously dismissed the operative pleading *sua sponte*, Plaintiff's Motion is unopposed. The Court has carefully considered Plaintiff's submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, Plaintiff's Motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff initiated this action on October 13, 2021, filing a 608-page Complaint, not including exhibits, that asserted numerous purported causes of action against myriad departments, agencies, and unnamed employees of the United States government, among others, even including

inanimate objects.  (*See* Compl., ECF No. 1.)[1] The Court *sua sponte* dismissed Plaintiff's Complaint on January 18, 2022, finding that "[r]egardless of whether the Complaint has any merit, it is indisputably prolix and difficult to maneuver" and that "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought." (ECF No. 11 ¶ 3.) The Court allowed Plaintiff 30 days to amend the Complaint and cure the identified deficiencies.  (*Id.*)

Rather than amend, Plaintiff filed a motion for reconsideration.  (ECF No. 17.) The Court subsequently denied that motion on June 30, 2022, holding that "Plaintiff's arguments on reconsideration fail[ed] to address the Court's reason for dismissing his Complaint, *i.e.*, the confusing nature of his pleading" and that "Plaintiff [made] minimal effort to clarify the over six hundred pages of allegations." (ECF No. 23 ¶ 4.)

Plaintiff then appealed the Court's ruling.  (ECF No. 24.) Prior to review of Plaintiff's appeal by a motions panel, Plaintiff moved in the Third Circuit for injunctive relief—a motion that the Third Circuit denied—explaining that Plaintiff had failed to seek relief pending appeal in the district court and otherwise failed to satisfy the standard for obtaining an injunction pending appeal.  *See Testa v. Dep't of Justice*, App. No. 22-2478 (3d Cir.) (ECF No. 22.) Following the

---

[1] In the Complaint, Plaintiff named the following persons or entities as defendants: "DOE Monitors"; "DOE Field Agents"; "DOE Handlers"; "DOE Agent in Charge, FBI-Newark"; "DOE Supervisors"; the Attorney General of the United States; the Department of Justice; the Federal Bureau of Investigation and the Director of the FBI; the United States Secret Service and the Director of the United States Secret Service; the Department of Homeland Security and the Secretary of the Department of Homeland Security; the Central Intelligence Agency and the Director of the Central Intelligence Agency; the National Security Agency and the Director of the National Security Agency; Thomson-Reuters Holdings, Inc.; Thomson-Reuters (Legal) Inc.; Thomson-Reuters U.S.A. Inc.; Thomson-Reuters U.S. LLC; Thomson-Reuters U.S. Holdings, Inc.; Thomson-Reuters Holdco, LLC; Connor McGovern; Charlie Klose; Chastity Sletten; Jeff Walters; Paul Hamilton; Ryan P. Peterson; Joanna Igban; "White Lexus ES 300"; "Mitsubishi Eclipse Cross"; "DOE Female Driver"; "DOE Field Agents who occupied the [Mitsubishi]"; and the Register of Copyrights. (Compl. ¶ 2.)

Third Circuit's denial of an injunction pending appeal, Plaintiff filed the present Motion. (Pl.'s Mot. for Preliminary Relief, ECF No. 27.)

**II.     DISCUSSION**

Plaintiff describes the Motion as "a post-appeal motion for preliminary injunctive relief and declaratory relief to enjoin Defendants from obstructing assistance of counsel and the performance of legal research." (Pl.'s Moving Br. at 1, ECF No. 28.) Plaintiff represents that "[t]hese demands were present in the complaint, but were not adjudicated at the District Court beyond *sua sponte* dismissal of the complaint." (*Id.*) In the alternative, Plaintiff seeks an indicative ruling under Federal Rule of Civil Procedure 62.1, should the Court find its lacks jurisdiction over the Motion due to the pending appeal. (*Id.*)

Currently pending before the Third Circuit is Plaintiff's appeal of the Court's June 30, 2022 Order denying reconsideration of its *sua sponte* dismissal of Plaintiff's Complaint. *See Testa v. Dep't of Justice*, App. No. 22-2478 (3d Cir.). "In federal court, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 761 (3d Cir. 2018) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). As Plaintiff acknowledges, there is an "apparent overlap" between the present Motion and Plaintiff's previous reconsideration motion, which the Court denied (ECF No. 23) and Plaintiff appealed (ECF No. 24). (*See* Pl.'s Moving Br. at 1, 18.) Indeed, Plaintiff expressly states that "demands" for injunctive and declaratory relief were "present in the complaint." (*Id.*) Due to Plaintiff's pending appeal, the Court lacks jurisdiction to grant relief sought in the dismissed Complaint, including injunctive and declaratory relief against Defendants.

3

To the extent Plaintiff moves for an indicative ruling under Federal Rule of Civil Procedure 62.1, Plaintiff's request is denied.  Under Rule 62.1(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).  Here, Plaintiff's Motion seeks a preliminary injunction, enjoining Defendants' purported obstruction of Plaintiff's efforts to obtain assistance of counsel and to perform legal research.  (*See* Pl.'s Moving Br. at 1, 5.) "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  In its prior Orders, the Court found that Plaintiff's Complaint "contains citations to scores of statutes and is filled with rambling, unrelated allegations against countless, unconnected defendants, as well as references to unnamed police officers, strangers in supermarkets, and numerous other individuals and entities" and that "Plaintiff appears to allege every slight that he has encountered in the last several years in the Complaint, claiming that they are all part of one conspiracy." (ECF No. 11 ¶ 2.) Plaintiff's present Motion fails to clarify any of these perplexing allegations, let alone demonstrate that Plaintiff is likely to succeed on the merits of any of his apparent claims.  Rather, Plaintiff merely reiterates that, among other things, Defendants somehow disrupted his service agreement with Thomson Reuters or otherwise prevented him from accessing *Westlaw* and conducting legal research.  (*See* Pl.'s Moving Br. at 5–6.) Because Plaintiff cannot show the first prerequisite for a preliminary injunction, the Court denies Plaintiff's Motion pursuant to its authority under Rule 62.1(a).

To the extent Plaintiff's Motion seeks an injunction pending appeal under Federal Rule of Civil Procedure 62(d), this request is likewise denied for the reasons previously stated. *See Fulton v. City of Phila.*, Civ. No. 18-2075, 2018 WL 11306951, at *1 n.1 (E.D. Pa. July 24, 2018) (explaining that "in connection with a request for injunctive relief pending appeal" the district court "must consider four factors," which "generally track the four factors applicable when the district court considers a petition for preliminary injunctive relief") (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

For the reasons stated above, and for other good cause shown,

**IT IS** on this **13th** day of **September 2023**,

**ORDERED** that Plaintiff's Motion for Preliminary Relief (ECF No. 27) is hereby **DENIED**.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**